Fill in this information to identify your case:

Debtor 1  **Tracey Sue Aylor**
First Name   Middle Name   Last Name

Debtor 2
(Spouse, if filing)  First Name   Middle Name   Last Name

United States Bankruptcy Court for the: **WESTERN DISTRICT OF VIRGINIA**

Case number: 23-60409
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan        12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

**$1,334.00** per **Month** for **36** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☒ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☒ Debtor(s) will retain any income tax refunds received during the plan term.

APPENDIX D            Chapter 13 Plan            Page 1

---

Debtor **Tracey Sue Aylor**     Case number

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as follows:

**2.4 Additional payments.**
*Check one.*
☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $48,024.00**.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| CarMax Auto Finance | 2017 Ford F150 109,000 miles Location: 5245 Ponton Dr., Barboursville VA 22923 NADA Guides Clean Condition | $698.00 Disbursed by: ☐ Trustee ☒ Debtor(s) | Prepetition: $0.00 | 0.00% | $0.00 | $0.00 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*
☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**
*Check one.*
☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance.**
*Check one.*
☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

Official Form 113            Chapter 13 Plan            Page 2

Debtor **Tracey Sue Aylor** _____ Case number _____

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

☒ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to total **$4,802.40**

during the plan term, they are estimated to be **$4,802.40**.

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,750.00-see part 8.1A**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☐ The debtor(s) estimate the total amount of other priority claims to be **$1.00 (David Brooks)**

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply:*

☐ The sum of $ _____
☒ **62.00** % of the total amount of these claims, an estimated payment of $ **38,470.60**
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☒ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| TMobile/TMobile USA Inc, by | Cell phone | Disbursed by: ☐ Trustee ☒ Debtor(s) $101.00 | $0.00 | | $0.00 |

*Insert additional contracts or leases as needed.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*
☒ plan confirmation.
☐ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

**A. Attorney's Fees.** Attorney's Fees noted in Paragraph 4.3 shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 3.1, 3.4, 4.4, 5.1, 5.2, 5.3, and 6.1 herein, except that attorney's fees shall be paid prorata with any distribution to domestic support order claimants under paragraph 4.5. Debtor(s)' attorney will be paid $4,750.00 balance due of the total fee of $4,750.00 concurrently with or prior to the payments to remaining creditors. The $4,750.00 in Debtor(s)' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:
(i) $4,750.00: Fees to be approved, or already approved, by the Court at initial plan confirmation;
(ii) $ _____ ; _____ : Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan [ECF #   ; $   ; ECF #   ; $     ];
(iii) $ _____ ; _____ : Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed.
**B. Deficiency Claims for Surrendered Property.** Any unsecured proof of claim for a deficiency which results from the surrender and liquidation of the collateral noted in paragraph 3.5 of this plan must be filed by the earlier of the following dates or such claim will be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan which provides for the surrender of said collateral, or (2) within the time period set for the filing of an unsecured deficiency claim as established by any order granting relief from the automatic stay with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.
**C. Treatment of Claims.** All creditors must timely file a proof of claim to receive payment from the Trustee. If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge. If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan. The Trustee may adjust the monthly disbursement as needed to pay an allowed secured claim in full.
**D. Student Loans** provided for under Paragraph 5. Attn: Fed Loan Servicing, ECMC, Navient, Department of Education and any other parties holding Government guaranteed student loans, servicers, and guarantors (Collectively referred to hereafter as "Ed"): The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part of her student loan obligations. The Debtor shall be allowed to seek enrollment, or to maintain any pre-petition enrollment, in any applicable income-driven repayment ("IDR") plan with the U.S. Department of Education William D. Ford Federal Direct Loan Program, including but not limited to the Public Service Loan Forgiveness program, without disqualification due to his/her bankruptcy, if otherwise eligible under Federal law. Any direct payments made from the Debtor to Ed since the filing of her petition shall be applied to any IDR plan in which the Debtor was enrolled prepetition, including but not limited to the Public Service Loan Forgiveness program, or pursuant to applicable federal regulations. Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan. During the pendency of any application by the Debtor to consolidate her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, or during the pendency of any default in payment of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor normal monthly statements regarding payments due and other communications including, without limitation,

Debtor __Tracey Sue Aylor_____    Case number _____

**notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.**
**F. Secured Claims in Part 3.3 will be paid in full and together with interest at the stated rate. Said creditors shall retain the lien securing its claim until the earlier of (i) the payment of the underlying debt determined under non-bankruptcy law or (ii) discharge under 11 U.S.C. § 1328 or (iii) such lien is otherwise avoided by separate Court Order entered in this case or associated adversary proceeding. If this case is dismissed or converted without completion of the plan, said creditors shall retain its lien to the extent recognized by applicable non-bankruptcy law.**

Debtor __Tracey Sue Aylor_____    Case number _____

| Part 9: | **Signature(s):** |

**9.1   Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  /s/ Tracey Sue Aylor                             X _____
   **Tracey Sue Aylor**                                Signature of Debtor 2
   Signature of Debtor 1

   Executed on  __April 4, 2023__                     Executed on _____
                                                      Date  __April 4, 2023__

X  **Marshall M. Slayton VSB#37362**
   Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Debtor   **Tracey Sue Aylor**          Case number _____

**Exhibit: Total Amount of Estimated Trustee Payments**

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $9,553.40 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $38,470.60 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | + $0.00 |
| | **Total of lines a through j** | $48,024.00 |

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA

| IN RE: | CASE NO: 23-60409 |
|---|---|
| TRACEY SUE AYLOR | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 4/10/2023, I did cause a copy of the following documents, described below,

Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 4/10/2023

/s/ Marshall M. Slayton
Marshall M. Slayton  37362

Slayton Law, PLC
913 East Jefferson St.
Charlottesville, VA  22902
434 979 7900
carlos@marshallslayton.com

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA

| IN RE: | CASE NO: 23-60409 |
|---|---|
| TRACEY SUE AYLOR | **CERTIFICATE OF SERVICE DECLARATION OF MAILING** |
| | Chapter: 13 |

On 4/10/2023, a copy of the following documents, described below,

Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/10/2023

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Marshall M. Slayton
Slayton Law, PLC
913 East Jefferson St.
Charlottesville, VA  22902

USPS FIRST CLASS MAILING RECIPIENTS:
Parties whose names are struck through were not served via First Class USPS Mail Service.

| CASE INFO | EXCLUDE | |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 23-60409<br>WESTERN DISTRICT OF VIRGINIA<br>MON APR 10 8-43-42 PST 2023 | ~~US BANKRUPTCY COURT~~<br>~~LYNCHBURG DIVISION~~<br>~~1101 COURT ST  ROOM 166~~<br>~~LYNCHBURG  VA 24504-4597~~ | ASPIRE CREDIT CARD<br>ATTN BANKRUPTCY<br>PO BOX 105555<br>ATLANTA  GA 30348-5555 |
| (P)AUSTIN CAPITAL BANK<br>ATTN DENAE REEVES<br>8100 SHOAL CREEK BLVD<br>SUITE 100<br>AUSTIN TX 78757-8041 | UNDELIVERABLE<br>AUSTIN HESS<br>LIVES IN THE ENGLAND | CAPITAL ONE<br>ATTN BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY  UT 84130-0285 |
| (P)CARMAX AUTO FINANCE<br>225 CHASTAIN MEADOWS CT<br>KENNESAW GA 30144-5942 | CREDIT ONE BANK<br>ATTN BANKRUPTCY DEPARTMENT<br>PO BOX 98873<br>LAS VEGAS  NV 89193-8873 | DAVID BROOKS<br>6299 CAMP GROUND LANE<br>CASTLETON  VA 22716-1712 |
| ELASTICCOM<br>CO REPUBLIC BANK  TRUST CO<br>4030 SMITH ROAD<br>CINCINNATI  OH 45209-1957 | FINGERHUT<br>ATTN BANKRUPTCY<br>6250 RIDGEWOOD ROAD<br>SAINT CLOUD  MN 56303-0820 | FINGERHUT FETTIWEBBANK<br>ATTN BANKRUPTCY<br>6250 RIDGEWOOD ROAD<br>SAINT CLOUD  MN 56303-0820 |
| (P)FIRST NATIONAL BANK<br>ATTN BANKRUPTCY<br>1500 S HIGHLINE AVE<br>SIOUX FALLS SD 57110-1003 | FIRST PREMIER BANK<br>ATTN BANKRUPTCY<br>PO BOX 5524<br>SIOUX FALLS  SD 57117-5524 | (P)FIRST SAVINGS BANK<br>ATTN BANKRUPTCY<br>1500 S HIGHLINE AVE<br>SIOUX FALLS SD 57110-1003 |
| GENESIS FS CARD<br>PO BOX 4499<br>BEAVERTON  OR 97076-4499 | GENESIS FS CARD SERVICES<br>ATTN BANKRUPTCY<br>PO BOX 4477<br>BEAVERTON  OR 97076-4401 | HONDA DEVELOPMENT AND MANUFACTURING<br>24000 HONDA PARKWAY<br>MARYSVILLE  OH 43040-9251 |
| LTD FINANCIAL SERVICES<br>3200 WILCREST DR SUITE 600<br>HOUSTON  TX 77042-6000 | MERRICK BANKCCHOLDINGS<br>ATTN BANKRUPTCY<br>PO BOX 9201<br>OLD BETHPAGE  NY 11804-9001 | (P)MISSION LANE LLC<br>PO BOX 105286<br>ATLANTA GA 30348-5286 |
| MONEYLION  INC<br>ATTN  BANKRUPTCY DEPT<br>PO BOX 1547<br>SANDY  UT 84091-1547 | OAKWOOD MANAGEMENT COMPANY<br>6950A AMERICANA PARKWAY<br>REYNOLDSBURG  OH 43068-4126 | ONEMAIN FINANCIAL<br>ATTN BANKRUPTCY<br>PO BOX 3251<br>EVANSVILLE  IN 47731-3251 |
| SCOTT KRONER  PLC<br>418 E WATER STREET<br>CHARLOTTESVILLE  VA 22902-5242 | SUSAN SHAW<br>724 3RD ST<br>CULPEPER  VA 22701-2020 | TMOBILETMOBILE USA INC  BY<br>AMERICAN INFOSOURCE AS AGRENT<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY  OK 73118-7901 |

```
USPS FIRST CLASS MAILING RECIPIENTS:
Parties whose names are struck through were not served via First Class USPS Mail Service.


                                                                                      EXCLUDE
USTRUSTEE                           UVA COMMUNITY CU                                  MARSHALL MOORE SLAYTON ESQ
OFFICE OF THE UNITED STATES TRUSTEE ATTN BANKRUPTCY                                   SLAYTON LAW  PLC
210 FIRST STREET  SUITE 505         3300 BERKMAR DR                                   913 EAST JEFFERSON STREET
ROANOKE  VA 24011-1620              CHARLOTTESVILLE  VA 22901-1491                    CHARLOTTESVILLE  VA 22902-5355




DEBTOR
TRACEY SUE AYLOR
5245 PONTON DR
BARBOURSVILLE  VA 22923-8358
```

COURT'S LIST OF NEF (ELECTRONIC SERVICE) RECIPIENTS:

(U.S. Trustee)
USTrustee
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, VA 24011

USTPRegion04.RN.ECF@usdoj.gov

(Debtor)
Tracey Sue Aylor
5245 Ponton Dr.
Barboursville, VA 22923
represented by:
Marshall Moore Slayton, Esq
Slayton Law, PLC
913 East Jefferson Street
Charlottesville, VA 22902

marshall@marshallslayton.com